IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

KRISTEN LYNN ALDERSON, ARIANNA NICOLE ALDERSON, LISA ALDERSON, RUTH WESTMONT, MADISON POLICE DEPARTMENT EMPLOYEE JOHN DOE(S); JANE DOE(S), MADISON DISTRICT ATTORNEY'S OFFICE EMPLOYEE, JESSICA HOLMES, and RICK FETTING,

                Defendants.

OPINION and ORDER

22-cv-490-jdp

---

Plaintiff Timothy Lee Stewart, Sr., appearing pro se, alleges that defendants made false police reports that resulted in his prosecution. Stewart seeks leave to proceed in forma pauperis, and from the financial affidavit he submitted I conclude that he may proceed without prepayment of the filing fee for this case.

The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that I must abstain from exercising jurisdiction over Stewart's claims under *Younger v. Harris*, 401 U.S. 37 (1971). I will stay the case and direct the clerk of court to close it. Stewart can move to reopen the case after his criminal charges are resolved.

ALLEGATIONS OF FACT

Defendant Kristen Alderson is the mother of Stewart's son Timothy Jr. Defendants Alderson, her daughter Arianna, and a relative named Lisa Alderson made false reports to the Madison Police Department after eavesdropping on conversations between Stewart and Timothy Jr. I take Stewart to be saying that defendant Ruth Westmont, acting as the guardian ad litem in a family court case involving the placement of Timothy Jr., incorrectly told him that he could continue to have contact with Timothy Jr. even when he could not.

Stewart was detained on a probation hold, kept on high-security extended supervision, and charged with violating a domestic abuse order. *See* Dane County Case No. 2020CF2610. According to electronic state-court records, *see* http://wcca.wicourts.gov, that case is still ongoing.

ANALYSIS

Stewart contends that defendants, including the Aldersons, unnamed Madison police personnel and Dane County district attorney's office staff, violated his constitutional rights in various ways. Stewart also contends that the Aldersons intentionally inflicted emotional harm upon him in violation of Wisconsin law and that Westmont provided ineffective assistance of counsel as the guardian ad litem.

There are numerous problems with Stewart's claims. His allegations are difficult to fully understand, in part because they are larded with discussions of various legal concepts instead of succinctly explaining what each defendant did to violate his rights. *See* Fed. R. Civ. P. 8(d)(1) ("each allegation must be simple, concise, and direct"). He most likely cannot bring constitutional claims under 42 U.S.C. § 1983 against the private citizens who he says made

false reports to the police. *See Plaats v. Barthelemy*, 641 F. App'x 624, 627 (7th Cir. 2016) (generally, "[s]ection 1983 does not cover disputes between private citizens" because they are not acting under color of state law). Nor can he sue the district attorney for bringing charges against him; prosecutors enjoy absolute immunity from suit for alleged injuries that stem from their prosecutorial duties. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

In other circumstances, I would have Stewart amend his complaint to explain his claims more clearly. But I will not take that step now because Stewart's complaint is clear enough to show that his claims are intertwined with his ongoing state-court criminal case in which he is accused of violating a domestic abuse order. Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger*, 401 U.S. at 43–44. Stewart's claims related to his allegedly false arrest would unduly interfere with his state prosecution. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). So I must abstain from deciding these claims until those proceedings have ended.

I will stay this case and direct the clerk of court to close it. That means that Stewart may move to reopen this case after the conclusion of the state criminal proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). But if Stewart's criminal case results in a conviction, he may not be able to proceed with his claims in this case; I will have to dismiss this case if a judgment in his favor would imply the invalidity of a state conviction. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

ORDER

IT IS ORDERED that the court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Timothy Lee Stewart's state criminal proceedings. This case is STAYED. The clerk of court is directed to close the case.

Entered October 5, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge