IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

KRISTEN LYNN ALDERSON, ARIANNA NICOLE       OPINION and ORDER
ALDERSON, LISA ALDERSON, RUTH WESTMONT,
MADISON POLICE DEPARTMENT EMPLOYEE              22-cv-490-jdp
JOHN DOE(S); JANE DOE(S), MADISON DISTRICT
ATTORNEY'S OFFICE EMPLOYEE,
JESSICA HOLMES, and RICK FETTING,

                Defendants.

---

Plaintiff Timothy Lee Stewart, Sr., appearing pro se, alleges that defendants made false police reports that resulted in his prosecution. I abstained from exercising jurisdiction over Stewart's claims under *Younger v. Harris*, 401 U.S. 37 (1971), because his claims were intertwined with a pending state-court criminal case in which he was accused of violating a domestic abuse order. Dkt. 5 (citing Dane County Case No. 2020CF2610). I stayed the case and I directed the clerk of court to close it. *Id.*

Stewart has now filed an amended complaint, Dkt. 7, stating that his charges in the Dane County case have been dismissed. My review of electronic state-court records confirms this. I will reopen the case and consider Stewart's amended complaint. Stewart has also filed another motion for leave to proceed in forma pauperis, Dkt. 8, but the court has already granted him in forma pauperis status, so I will deny his new motion.

Stewart's amended complaint has many of the same problems as his original complaint and other complaints that he has brought in this court. Stewart alleges that defendant Kristen Alderson and her family members conspired with Stewart's probation agent and Madison

police officers to falsely arrest him. But to succeed on constitutional claims under 42 U.S.C. § 1983 like those he brings in this case, the defendant must have acted "under color of state law." *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). The Aldersons are private citizens, not governmental officials. Generally, "[s]ection 1983 does not cover disputes between private citizens" because they are not acting under color of state law. *Plaats v. Barthelemy*, 641 F. App'x 624, 627 (7th Cir. 2016). Private actors do act under color of law when they work jointly with state actors to violate a person's rights. *See, e.g., L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("A private person acts under color of state law when she is a willful participant in joint action with the State or its agents." (internal quotation omitted)). But Stewart does not adequately allege that the Aldersons and law enforcement consciously worked together to harm him.

Stewart doesn't adequately plead Fourth Amendment claims against his probation agent or Madison police officers either. Stewart conclusorily states that there was no probable cause to arrest him, but he doesn't explain why the officers arresting him had reason to doubt the Aldersons' allegations against him.

Stewart also contends that the Aldersons harassed him and intentionally inflicted emotional distress upon him. Those allegations might support state-law claims, but this court cannot consider such claims unless Stewart has a viable federal claim or Stewart has alleged enough to invoke the court's diversity jurisdiction. But Stewart alleges that he and at least some of the defendants are citizens of Wisconsin. So I cannot consider his state-law claims.

I will give Stewart a chance to submit an amended complaint fixing these problems. He should file his new complaint on the court's complaint form, which I will have the clerk of

court send him. If he needs to attach additional pages detailing his claims, he may do so, but I will limit him to six extra pages (or three extra sheets of paper, if he fills out both sides).

In drafting his amended complaint, Stewart should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation.

- Identify all of the individuals he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

If Stewart files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, this case will be closed for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. This case is REOPENED.

2. Plaintiff Timothy Lee Stewart's amended complaint, Dkt. 7, is DISMISSED.

3. Plaintiff's second motion for leave to proceed in forma pauperis, Dkt. 8, is DENIED.

4. Plaintiff may have until June 8, 2023, to submit an amended complaint as directed in the opinion above.

5. The clerk of court is directed to send plaintiff a copy of the court's complaint form.

Entered May 18, 2023.

>BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge