IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

KRISTEN LYNN ALDERSON, ARIANNA NICOLE ALDERSON, LISA ALDERSON, RUTH WESTMONT, MADISON POLICE DEPARTMENT EMPLOYEE JOHN DOE(S); JANE DOE(S), MADISON DISTRICT ATTORNEY'S OFFICE EMPLOYEE, JESSICA HOLMES, and RICK FETTING,

                Defendants.

OPINION and ORDER

22-cv-490-jdp

---

Plaintiff Timothy Lee Stewart, Sr., without counsel, alleges that defendant Kristen Alderson and her family members conspired with Stewart's probation agent and Madison police officers to falsely arrest him. I dismissed Stewart's amended complaint because his allegations did not suggest that Alderson, a private citizen, acted under color of law when she falsely accused him, and Stewart didn't explain how law enforcement defendants acted unreasonably by arresting him based on Alderson's accusations. Dkt. 10. I gave Stewart a chance to amend his complaint to better explain his claims, warning him that he would be limited to the length of the court's complaint form and six extra pages. *Id.*

Stewart has filed two similar amended complaints, Dkts. 11 and 14, both of which are 24 pages, far exceeding the limits I placed on him for an amended complaint. In any event, his new allegations have the same problems as his previous complaints.

Stewart continues to state that he was arrested based on false accusations by Alderson that he violated a domestic abuse injunction, but she isn't a state actor and he does not plausibly suggest that she and government officials conspired to harm him. He contends that

defendant law enforcement officers arrested him without probable cause, citing as support a telephone call he placed to the police asking whether he was a criminal suspect, with the police responding that he was not. But he continues to allege that he was arrested after Alderson falsely accused him of violating a domestic abuse injunction, which shows that they did have probable cause to arrest him, so he doesn't state a Fourth Amendment claim against the officers. He also alleges that officers failed to read him his *Miranda* rights when they arrested him, but officers' failure to comply with the requirements in *Miranda v. Arizona*, 384 U.S. 436 (1966), does not provide a basis for suing an officer for money damages. *See Vega v. Tekoh*, 142 S. Ct. 2095, 2099 (2022).

Stewart also contends that defendant district attorneys maliciously prosecuted him, but prosecutors "are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017).

Because Stewart's new complaints again fail to properly state a claim on which he can proceed, I conclude that it would be futile to allow him another opportunity to file an amended complaint, and I will dismiss this lawsuit. *Cf. Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should dismiss case for failure to state a claim upon which relief may be granted after plaintiff fails to correct a pleading that violates Rule 8).

Stewart has filed other motions, including a motion to hold a telephone conference to discuss his allegations, Dkt. 13, a motion for criminal investigation, Dkt. 15, and a motion to seal his request for an investigation, Dkt. 17. I am dismissing the case so there is no reason to hold a telephone conference, and I have already denied similar motions for investigation and to seal documents in several other cases. I will deny all of these motions.

One final point. Stewart's filings in this and other cases have been exceptionally long and often difficult to follow. In response, I placed a page limit on his amended complaint that he did not comply with. I warn Stewart that I will consider sanctions against him if he continues to ignore the court's directions.

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. Plaintiff's motion to hold a telephone conference, Dkt. 13, is DENIED.

3. Plaintiff's motion for a criminal investigation, Dkt. 15, is DENIED.

4. Plaintiff's motion to seal, Dkt. 17, is DENIED.

5. The clerk of court is directed to unseal Dkts. 15 and 17.

6. The clerk of court is directed to enter judgment accordingly and close the case.

Entered February 20, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge